SEAMAN et al. *vs.* DUFPHEY, et al.

1. The *approval* of the bond of a constable, by a judge of the county Court, under the statutes of this State, is not required to be entered of record, in open Court.
2. In such case, a certificate by the judge, *that a constable is authorised to enter upon the discharge of the duties of his office,* is sufficient evidence of approval by the judge.

This was a motion against a constable and his sureties, before a justice of the peace, for the failure of the former, to return an execution which had been delivered to him, within the time prescribed by law. Judgment was obtained before the justice by the plaintiffs in error; and the case was removed by certiorari, into the Circuit Court of Greene.

On the trial of the case in the Circuit Court, the plaintiffs in error offered in evidence a bond executed by the constable; and proposed showing by proof, that the bond had been accepted and approved by the judge of the county Court, as required by law: and to this end offered evidence that the judge of the county Court had issued a certificate to said constable, authorising him to enter on the discharge of the duties of his office. The Court below rejected this testimony; and decided, that the approval of the bond of the constable, by the judge, should have been entered of record, before it could be given in evidence to the jury. This opinion of the Court was excepted to, and the cause removed into this Court, by writ of error.

It was contended in this Court—

First. That the execution of the bond by the con-

stable and his sureties, operated as an estoppel, as to them.

Secondly. That the fact of the judge of the county Court, having issued a certificate to the constable authorising him to enter on the discharge of the duties of his office, was sufficient evidence of *approval*, to give validity to the bond; and authorise a recovery upon it.—1 Stewart's Reports 546; Laws of Alabama 519

TAYLOR, J.—The first assignment of error embraces all the points made in this case. It is in these words—" the Court (below) rejected the bond, and did not permit it to be read to the jury."

The suit was commenced before a justice of the peace, against a constable and his securities, for a failure in the former to make due return of an execution The cause was carried into the Circuit Court by certiorari. On the trial, the plaintiffs offered in evidence a paper purporting to be the bond executed by the defendants, for the faithful discharge of the duties of his office, by the constable. This paper was objected to on the ground, that there was no proof that it had been approved of by the proper officer, as required by the statute. The plaintiffs then offered to prove, that " a certificate had been issued, by the judge of the county Court, to the constable, authorising him to enter upon the discharge of the duties of his office," as evidence that the bond had been approved; but the Court rejected this evidence, and decided—" that the approval of said bond by the judge of the county Court, must appear to have been duly entered of record, before it could legally be given in evidence to the jury."

There are two statutes which bear upon this subject, the first is the 3d section of an act passed in 1819, entitled, "an act to provide for the appointment of county officers." So much of the section as applies to this case, is in these words—"it shall be the duty of the constables elected in the several counties of this State, before they enter upon the discharge of the duties of their office, to enter into bond with sufficient security, *to be approved of by the justices or chairman of the county Courts respectively,*" (whose duties are now discharged by the judge of the county Court) "payable to the Governor for the time being, and his successors in office, in the sum of one thousand dollars, for the faithful performance of the duties of his office: and every constable failing to give bond, as herein directed, shall forfeit and pay, for every act he shall perform as constable, the sum of fifty dollars," &c.

The other act was passed in 1820, and is entitled, "an act concerning the appointment of county officers," the second section of which is in the following words—"the certificate of the chief justice" (now the judge) "of the county Court, that the constable who may have been elected, has given bond and security as such, agreeably to law, shall be sufficient evidence of such officer's right and authority to exercise and perform the duties of the office to which he may have been appointed."

Without deciding whether the approval of the bond, by the judge of the county Court, is essential to its validity, we do not hesitate to say, that the Circuit Court was incorrect in determining that this approval must have been made a matter of record.—

4 s & p.                              21

The statute does not require it, nor does it even require that the bond shall be executed or approved in open Court: if done before the judge at chambers, and he, in writing, on the bond or a separate paper, sufficiently describing it, declares his approval of the bond, it is surely sufficient.    But if this is sufficient, any other satisfactory evidence to this effect, which constitutes a part of his official duty relating to this subject, and which could not be legally done unless he had approved of the bond, is also sufficient to show that fact.    The act last recited declares, that his certificate that the officer "has given bond," &c. shall authorise such officer to enter upon the duties of his office.    In this case, it is true, the certificate proposed to be introduced, was not in the words of the act, but it was substantially the same; it declared the officer was authorised to enter upon the duties of his office, which he could not have been, unless he had executed a bond which had been accepted by the judge making the certificate ; therefore, this certificate includes within itself, an approval of the bond.

The judgment is reversed and the cause remanded.